# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **PAULA DEMCHAK**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PROMARK RESEARCH CORPORATION,** a Texas corporation,<br><br>*Defendant.* | Case No. 2:16-cv-14403<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paula Demchak brings this Class Action Complaint and Demand for Jury Trial against Defendant Promark Research Corporation ("Promark" or "Defendant") to stop its practice of making unsolicited autodialed calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Promark Research is a data collection company that conducts telephone surveys on behalf of market-research firms, political analysts, consultants, corporations, and advertising agencies.

2. To conduct these telephone surveys, Defendant uses up to "350

1

predictive dialer CATI (Computer Assisted Telephone Interviewing) stations" to place unauthorized survey calls to the personal cell phones of consumers across the country, including Plaintiff Demchak and the members of the Class.[1]

3.      The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") was enacted to protect consumers from unsolicited autodialed calls like those at issue in this case. In fact, the Federal Communications Commission ("FCC") clarified more than 4 years ago that "autodialed or prerecorded calls, including . . . research or survey calls . . . require either written or oral consent if made to wireless consumers and other specified recipients."[2]

4.      Defendant did not obtain prior consent of any kind (either written or oral) from Plaintiff or the Class to make autodialed calls to their cell phones for any purpose, let alone for purposes of collecting data through a telephonic survey. Defendant therefore violated the TCPA.

5.      By making the survey calls at issue, Defendant has violated (and continues to violate) the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unauthorized calls, but also because

---

[1]      *See Welcome to Promark Research Corporation*, Promark Research Corporation, https://www.promarkresearch.com/ (last accessed Dec. 19, 2016).

[2]      *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 1830, 1841 ¶ 28 (2012).

consumers frequently have to pay their wireless providers for the receipt of such unauthorized calls.

6. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unauthorized calling activities, as well as an award of actual and statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Paula Demchak is a natural person and citizen of the State of Michigan.

8. Defendant Promark Research is a company organized and existing under the laws of the State of Texas with headquarters located at 313 Sawdust Road, Spring, Texas 77380.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. The Court has personal jurisdiction over Promark Research because a substantial part of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to

this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

12. Defendant is a "data collection" company that conducts telephone surveys for market research firms, political analysts, consultants, corporations, and advertising agencies.

13. To place the survey calls at issue, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

14. Defendant's automated dialing equipment also operates as a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).[3] Defendant even touts that it has 350 predictive dialers that it uses to make survey calls to consumers across the country, and that the "random digit dial" method can be used "to achieve accurate, efficient results."[4]

15. The TCPA prohibits companies from placing autodialed survey calls

---

[3] *See Welcome to Promark Research Corporation* Promark Research Corporation, https://www.promarkresearch.com (last accessed Dec. 19, 2016).
[4] *Services*, Promark Research Corporation, http://www.promarkresearch.com/services/sampling (last accessed Dec. 19, 2016).

to cell phones without prior express consent. This specific issue was clarified by the FCC more than four years ago:

> Additionally, we note that many commenters expressed concern about obtaining written consent for certain types of autodialed or prerecorded calls, including . . . *research or survey calls* . . . Again, such calls . . . *require either written or oral consent if made to wireless consumers* and other specified recipients.[5]

16. Defendant has never obtained—or even attempted to obtain—prior express consent (oral or written) from Plaintiff and the Class to receive autodialed survey calls to their cell phones or otherwise. In fact, Plaintiff and the members of the Class have no relationship with Defendant whatsoever.

17. Defendant knowingly made (and continues to make) automated survey calls to cell phones without the prior express consent of the call recipients, and continues to make such autodialed calls even after the recipient directs it to stop calling.

18. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the Class but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF PAULA DEMCHAK

19. Defendant began making autodialed calls to Plaintiff Demchak's cell phone in or around October 2016. Defendant made these calls from phone number (844) 776-6275.

---

[5] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 1830, 1841 ¶ 28 (2012) (emphasis added).

20. Plaintiff answered three of the autodialed calls that Defendant made to her cell phone. Each time she picked up, Plaintiff heard a long pause before being connected to one of Defendant's callers.

21. Further, during each of the three autodialed survey calls that she answered, Plaintiff expressly and unequivocally told Defendant that she didn't want to participate in a survey and directed Defendant to stop calling her. Defendant ignored Plaintiff's directives and, in at least one instance, mocked her for mentioning that her cell phone was listed on the National Do Not Call Registry.

22. Indeed, on October 9, 2016 at 7:54 pm, Plaintiff received a third autodialed call from Defendant. As with the previous two autodialed calls, her caller ID indicated that the incoming call was from (844) 776-6275 and she heard a long pause when she answered before the caller began to speak. This time, given that Defendant had ignored her instruction to stop calling twice already, Plaintiff informed the caller that her cell phone had been listed on the National Do Not Call Registry since 2004. Defendant's caller responded by stating that it isn't bound by laws that apply to "telemarketers," and that reporting the call wouldn't result in any consequences to the company.

23. Plaintiff has no relationship of any kind with Defendant and has never provided it with her prior express consent to make autodialed calls to her cell phone for any reason, let alone to perform telephonic surveys.

24. Defendant was at all times aware that it was making autodialed calls to individuals like Plaintiff, who had not consented to receive them and who had expressly instructed Defendant to stop making them.

## CLASS ALLEGATIONS

25. **Class Allegations**: Plaintiff Demchak brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and a class defined as follows:

> All persons in the United States that (1) received a telephone call from Promark Research or its agents; (2) at a cellular telephone number; (3) that was made using an automated telephone dialing system; and (4) for whom Defendant did not have any record of prior express consent at the time the call was made.

26. The following people are excluded from the Class: any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: The exact size of the Class is unknown and unavailable

to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made autodialed telephone calls to thousands of consumers who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

28. **Commonality**: There are several questions of law and fact common to the claims of Plaintiff and the Class. Such common questions for the Class include:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to cell phone users who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

    (c)    Whether Defendant made the calls using an ATDS; and

    (d)    Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

30. **Adequate Representation**: Plaintiff will fairly and adequately

represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

31. **Predominance:** The common questions of law and fact set forth above predominate over any individual issues. Whether Defendant properly obtained prior express consent to call goes to the very heart of the case and is a fact on which all class members' claims hinge. As such, the common issues predominate over any supposed individualized issues.

32. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the

benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. As described in detail above, Defendant made unsolicited and unwanted calls to telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

35. Defendant made these unauthorized calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

36. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

37. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered invasions of their privacy and of their statutory rights. As such, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and each Class member are entitled to, *inter alia*, a minimum of $500 in statutory damages (which may be trebled upon a showing of willfulness) for each such violation of the TCPA.

39. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paula Demchak, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Demchak as representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D. An injunction requiring Defendant to cease all unauthorized and

unlawful uses of automated or computerized telephone calling equipment;

E. An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein and otherwise protecting the interests of the Class;

F. An award of actual and statutory damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**PAULA DEMCHAK**, individually and on behalf of all others similarly situated,

Dated: December 19, 2016

By: /s/ Ari J. Scharg
    One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370


Henry M. Scharg (No. P28804)
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111