UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAULA DEMCHAK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROMARK RESEARCH CORPORATION, Texas corporation,<br><br>    Defendant. | Case No. 4:16-cv-14403-LVP-DRG<br><br>Hon. Linda V. Parker |

**DEFENDANT PROMARK RESEARCH CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Promark Research Corporation ("Promark"), by and through its attorneys, hereby answers the Complaint of Plaintiff Paula Demchak ("the Complaint"). To the extent that factual averments are contained in the headings in the Complaint, Promark denies such averments, or is without sufficient knowledge or information to form a belief as to the truth of such averments, and on that basis denies them. Responding to the introductory paragraph of the Complaint, Promark states that Plaintiff purports to bring a class action against Promark. Promark denies that class treatment is appropriate. Except as expressly stated, Promark denies each and every averment contained in the introductory paragraph of the Complaint. Promark denies that Plaintiff or the members of the purported class have been injured or damaged in any way and further denies that Plaintiff or the members of the

purported class are entitled to relief of any kind. Promark denies that it engaged in any unlawful, unethical, or otherwise wrongful conduct.

1. Promark admits the averments in paragraph 1.

2. Promark denies the allegations of Paragraph 2.

3. Promark denies each and every averment contained in paragraph 3. Promark further states that to the extent the averments in paragraph 3 state conclusions of law, no response thereto is required.

4. Responding to paragraph 4 of the Complaint, Promark denies it was required to obtain prior consent of any kind from Plaintiff. Promark further states that to the extent the averments in paragraph 4 state conclusions of law, no response thereto is required.

5. Responding to paragraph 5 of the Complaint, Promark denies that Plaintiff or the members of the purported class have been injured or damaged in any way and further denies that Plaintiff or the members of the purported class are entitled to relief of any kind. Promark further states that to the extent the averments in paragraph 5 state conclusions of law, no response thereto is required. Except as expressly stated, Promark denies each and every averment contained in paragraph 5.

6. Responding to paragraph 6 of the Complaint, Promark states that Plaintiff filed the instant suit and purports to seek an injunction and an award of actual and statutory damages to the members of a putative class under the Telephone

Consumer Protection Act, 47, U.S.C. § 227, *et seq.* ("TCPA"). Promark further states that to the extent the averments in paragraph 6 state conclusions of law, no response thereto is required. Promark denies that Plaintiff is entitled to the relief which he seeks. Promark denies that Plaintiff or the members of the purported class have been injured or damaged in any way and further denies that Plaintiff or the members of the purported class are entitled to relief of any kind. Except as expressly stated, Promark denies each and every averment contained in paragraph 6.

7. Promark lacks sufficient knowledge or information to determine the truth of the averments in paragraph 7.

8. Promark admits the averments in paragraph 8.

9. Responding to paragraph 9 of the Complaint, Promark states that the averments contained in paragraph 9 state conclusions of law, and no response thereto is required.

10. Responding to paragraph 10 of the Complaint, Promark states that to the extent the averments contained in paragraph 10 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies the averments contained in paragraph 10.

11. Responding to paragraph 11 of the Complaint, Promark states that to the extent the averments contained in paragraph 11 state conclusions of law, no

response thereto is required.

12. Responding to paragraph 12 of the Complaint, Promark is a company that conducts telephone surveys for market research firms, political analysts, consultants, corporations, and advertising agencies. Except as expressly admitted, Promark denies each and every averment contained in paragraph 12.

13. Responding to paragraph 13 of the Complaint, Promark utilizes an automatic telephone dialing system to call land line phone numbers, which are not at issue in this suit. Promark interviewers must manually dial each ten-digit phone number when placing calls to cell phone numbers. Except as expressly admitted, Promark denies each and every averment contained in paragraph 13.

14. Responding to paragraph 14 of the Complaint, Promark's dialing equipment does not make numerous phone calls simultaneously when dialing cell phone numbers; each ten-digit cell phone number must be manually dialed one-at-a-time by a telephone interviewer. Promark's use of its predictive dialing is limited to calls placed to land line phone numbers. Except as expressly admitted, Promark denies each and every averment contained in paragraph 14.

15. Responding to paragraph 15 of the Complaint, Promark denies each and every averment contained in this paragraph. To the extent that the averments contained in paragraph 15 state conclusions of law, Promark states that no response thereto is required.

16. Responding to paragraph 16 of the Complaint, Promark denies each and every averment contained in this paragraph. To the extent that the averments contained in paragraph 16 state conclusions of law, Promark states that no response thereto is required.

17. Responding to paragraph 17 of the Complaint, Promark denies each and every averment contained in this paragraph.

18. Responding to paragraph 18 of the Complaint, Promark denies each and every averment contained in this paragraph. To the extent that the averments contained in paragraph 18 state conclusions of law, Promark states that no response thereto is required.

19. Responding to paragraph 19 of the Complaint, Promark states that its telephone operator manually dialed Plaintiff Demchak's cell phone number on or about October 9, 2016, 6:54 p.m. (Central Time) and the duration of that call was 0:54 (mm:ss). Promark's call to Plaintiff Demchak was made from phone number 844.776.6275. Except as expressly admitted, Promark denies each and every averment contained in paragraph 19.

20. Promark denies each and every averment contained in paragraph 20 of the Complaint.

21. Promark denies each and every averment contained in paragraph 21 of the Complaint.

22. Promark denies each and every averment contained in paragraph 22 of the Complaint.

23. Responding to paragraph 23 of the Complaint, Promark states that it has no relationship of any kind with Plaintiff Demchak. Except as expressly admitted, Promark denies each and every averment contained in paragraph 23. To the extent that the averments contained in paragraph 23 state conclusions of law, Promark states that no response thereto is required.

24. Promark denies each and every averment contained in paragraph 24 of the Complaint.

25. Responding to paragraph 25, of the Complaint, Promark states that Plaintiff Demchak purports to bring this action on behalf of herself and a class defined as: All persons in the United States that (1) received a telephone call from Promark Research or its agents; (2) at a cellular telephone number; (3) that was made using an automated telephone dialing system; and (4) for whom Defendant did not have any record of prior express consent at the time the call was made. Except as expressly stated, Promark denies each and every averment contained in paragraph 25. Promark denies that class treatment is appropriate.

26. In response to paragraph 26 of the Complaint, Promark states that Plaintiff purports to exclude the following from the putative Class: any Judge or Magistrate presiding over this action and members of their families; (2) Defendant,

Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Except as expressly stated, Promark denies each and every averment contained in paragraph 26. Promark denies that class treatment is appropriate.

27. Responding to paragraph 27 of the Complaint, Promark states that to the extent the averments contained in paragraph 27 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

28. Responding to paragraph 28 of the Complaint, Promark states that to the extent the averments contained in paragraph 28 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

29. Responding to paragraph 29 of the Complaint, Promark states that to

the extent the averments contained in paragraph 29 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

30. Responding to paragraph 30 of the Complaint, Promark states that to the extent the averments contained in paragraph 30 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

31. Responding to paragraph 31 of the Complaint, Promark states that to the extent the averments contained in paragraph 31 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

32. Responding to paragraph 32 of the Complaint, Promark states that to the extent the averments contained in paragraph 32 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On behalf of Plaintiff and the Class)

33.     Promark re-alleges and incorporates by reference its responses to the foregoing paragraphs.

34.     Responding to paragraph 34 of the Complaint, Promark states that to the extent the averments contained in paragraph 34 state conclusions of law, no response thereto is required.  To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

35.     Responding to paragraph 35 of the Complaint, Promark states that to the extent the averments contained in paragraph 35 state conclusions of law, no response thereto is required.  To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

36.     Responding to paragraph 36 of the Complaint, Promark denies each and every averment contained in paragraph 36.

37.     Responding to paragraph 37 of the Complaint, Promark states that to the extent the averments contained in paragraph 37 state conclusions of law, no response thereto is required.  To the extent that the averments in this paragraph do

not state conclusions of law, Promark denies each and every averment contained in this paragraph.

38. Responding to paragraph 38 of the Complaint, Promark states that to the extent the averments contained in paragraph 38 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph. Promark further denies that Plaintiff or the members of the purported class are entitled to any damages and denies that it engaged in any unlawful conduct willfully or knowingly.

39. Responding to paragraph 39 of the Complaint, Promark states that to the extent the averments contained in paragraph 39 state conclusions of law, no response thereto is required. To the extent that the averments in this paragraph do not state conclusions of law, Promark denies each and every averment contained in this paragraph.

**WHEREFORE,** Promark prays for judgment against Plaintiff (and each putative class member) as follows:

1. That Plaintiff and each putative class member take nothing by way of the Complaint;

2. That the Complaint be dismissed on the merits and with prejudice;

3. That Promark be awarded its attorneys' fees, costs, and expenses incurred in defense of this action; and

4. That Promark receive such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fail to state a claim upon which relief can be granted.

2. The claims of Plaintiff and/or the alleged class members are barred because they lack standing to assert any claims against Promark.

3. The claims of Plaintiff and the purported class are barred because, although Promark denies each and every claim of Plaintiff and the purported class and denies that Promark engaged in wrongdoing or error of any kind, any alleged error on Promark's part was a bona fide error notwithstanding Promark's use of reasonable procedures adopted to avoid any such error.

4. The claims of Plaintiff and the alleged class members are barred by the doctrine of estoppel because they expressly or by their conduct approved, authorized, ratified, or permitted the alleged conduct when they consented to the calls at issue.

5.     Plaintiff's and the alleged class members' claims for equitable relief are barred because Plaintiff and the members of the putative class have an adequate remedy at law.

6.     Plaintiff's and the putative class members' claims are barred, in whole or in part, because Promark and/or its agents have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

7.     The Complaint is barred, in whole or in part, by waiver, estoppel, accord and satisfaction, unclean hands and/or laches.

8.     Some or all of Plaintiff's claims are moot.

9.     Plaintiff has failed to mitigate the alleged damages, if any.

10.    Plaintiff's own negligence contributed to the alleged damages, if any.

11.    Plaintiff assumed the risk of the alleged damages, if any.

12.    The Complaint is barred, in whole or in part, by payment, release, satisfaction and/or discharge.

13.    Promark has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff.  Accordingly, Promark reserves its right to raise such additional affirmative defenses as become known through discovery or otherwise, or to amend the foregoing Affirmative Defenses as is necessary.

**WHEREFORE,** Promark prays for judgment against Plaintiff (and each putative class member) as follows:

1. That Plaintiff and each putative class member take nothing by way of the Complaint;

2. That the Complaint be dismissed on the merits and with prejudice;

3. That Promark be awarded its attorneys' fees, costs, and expenses incurred in defense of this action; and

4. That Promark receive such other and further relief as the Court deems proper.

March 31, 2017         Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for
PROMARK RESEARCH CORPORATION


By: /s/ Jeffrey K. Lamb
     Jeffrey K. Lamb (P76738)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
(313) 465-7404
jlamb@honigman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 31, 2017, I caused to be electronically filed a copy of the foregoing with the Clerk of the Court which will send notification of such filing to all counsel of record.

                                    By: /s/ Jeffrey K. Lamb
                                        Jeffrey K. Lamb (P76738)
                                        Honigman Miller Schwartz and Cohn LLP
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI  48226-3506
                                        (313) 465-7572

24345169.1